Ronald F. **PODOLAK** and Donna J. Podolak, Appellants (Defendants),

v.

**LINGLE STATE BANK of Lingle, Wyoming,** Appellee (Plaintiff).

No. 86–118.

Supreme Court of Wyoming.

Dec. 18, 1986.

Maren K. Felde and Roger C. Elletson of Elletson, Doby and Felde, Cheyenne, for appellants.

Donald E. Jones of Jones and Graham Law Offices, Torrington, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellee Lingle State Bank filed an action in district court to replevin livestock and attach other assets belonging to appellants Ronald and Donna Podolak. The district court granted summary judgment for the bank, and appellants have appealed.

We affirm.

From May of 1983, until June of 1985, appellants obtained credit from the bank in the principal amount of approximately $160,000, plus interest, to finance their ranching operations in Goshen County, Wyoming. As evidence of their indebtedness, appellants signed a variety of instruments, including a promissory note, two extensions of the note, a commercial guaranty, two security agreements, and a financing statement. As security for the indebted-

ness, appellants pledged all of their livestock, machinery, and hay. The security agreements provided that if appellants attempted to sell or remove the livestock from the county without the written consent of the bank or if the bank reasonably deemed itself insecure, the bank was entitled to declare the debt immediately due. The last extension note signed by appellants provided that payment was due December 24, 1985.

On November 7, 1985, the bank filed a complaint in which it alleged that appellants had threatened to not pay their debt when it became due and were preparing to sell a portion of the secured property in violation of the agreements. The district court ordered the sheriff to take immediate possession of the property and set the matter for hearing. At the hearing on November 13 and 15, 1985, the district court found that the bank was entitled to delivery of the secured property and to proceed with its replevin action.

Over the next three months, several more hearings were held, numerous pleadings, motions, and memoranda were filed, and numerous contentions were raised. The bank claimed generally that appellants were intentionally attempting to avoid repaying the loan. In support of its claim, the bank pointed to evidence that: (1) appellants brought suit in federal court seeking rescission of the debt; (2) they sold and attempted to sell secured property outside the county without consent; (3) they attempted to place other assets beyond reach of the bank by transferring them to family members; and (4) they filed a lien to prevent the bank from obtaining possession of the secured property. In contrast, appellants claimed that no debt existed because the bank did not loan them "money" and because the bank induced them to enter into loan arrangements through fraud, deceit, and misrepresentation. In addition, appellants counterclaimed against the bank for bad faith in contract, bad faith in tort, intentional interference with a contractual relationship, conversion, intentional infliction of emotional distress, lien foreclosure,

commercially unreasonable sale, and wrongful replevin and garnishment.

The dispute ended on March 24, 1986, when the district court granted summary judgment in favor of the bank on its complaint and against appellants on their counterclaim.

■ Appellants set forth the following issues for our determination:

"I. THE PREJUDGMENT ATTACHMENT AND GARNISHMENT STATUTES WERE UNCONSTITUTIONALLY APPLIED TO RONALD F. AND DONNA J. PODOLAK IN VIOLATION OF THEIR CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION.

"II. APPELLEE WAS GRANTED SUMMARY JUDGMENT PURSUANT TO RULE 56 OF THE WYOMING RULES OF CIVIL PROCEDURE; SAID SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED BASED ON THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT AND THE APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."

■ These issues are identical to two of those presented to this Court in *Sturman v. First National Bank*, Wyo., 729 P.2d 667 (1986). We determined in that case that the issues raised did not present grounds for reversal. More specifically, we found that the manner in which the prejudgment seizure statutes were applied was not unconstitutional and that the appellant therein was afforded ample opportunity to present her case. We also found that, despite the array of issues set forth by the appellant in support of her claim to the contrary, there simply were no genuine issues of material fact making the entry of summary judgment improper.

The present case is, in practical effect, indistinguishable from *Sturman v. First National Bank*. Appellants obtained a loan from the bank, pledged their property as security, signed agreements setting forth the terms and conditions of the loan, and then demonstrated their intent to vio-

late those terms and conditions. As a consequence, the bank sought prejudgment judicial relief pursuant to the terms of the agreements and the Wyoming statutes. Throughout the lengthy proceedings which followed, appellants were afforded ample opportunity to testify, present witnesses and exhibits, and generally set forth their claims. In addition, they were afforded ample opportunity to demonstrate the existence of a genuine issue of material fact making summary judgment improper. Because of their failure to do so and for all the reasons stated in *Sturman v. First National Bank*, we find no error and affirm the district court's judgment.

Affirmed.